UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS SENTEMENTES, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:21cv304 (MPS) |
| : | |
| GOVERNOR NED LAMONT, STATE OF : | |
| CONNECTICUT, ET AL., : | |
|     Defendants. : | |

## **INITIAL REVIEW ORDER**

The plaintiff, Thomas J. Sentementes, is currently confined at Osborn Correctional Institution in Somers, Connecticut. He files this civil rights action pursuant to 42 U.S.C. § 1983 against Ned Lamont, Governor of the State of Connecticut, Pasqualina Bastone, Bethel Police Chief Jeffrey Finch, Bethel Police Officer Emerson, Bank of America CEO Brian Moyihan, Daniel Sentementes, and Public Defender Thomas Leaf. For the reasons set forth below, the Court will dismiss the complaint.

**I.     Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## II.     Factual Allegations

On January 28, 2019, Bethel Police Officer Emerson called the plaintiff and requested that he come to the station to discuss a verbal complaint made by his son and a statement that had been made by Pasqualina Bastone. Compl., ECF No. 1, at 6 ¶¶ 3-4. Officer Emerson inquired as to whether the plaintiff had called his son and threatened him. *Id.* ¶ 4. The plaintiff informed Emerson that he was in a vehicle with his friend Sid Weston when he spoke to his son and that the phone was on speaker mode. *Id.*

The plaintiff agreed to come to the station with Sid Weston. *Id.* ¶ 5. Upon their arrival, Weston gave a statement to an officer, possibly Officer Emerson, regarding the telephone conversation between the plaintiff and his son. *Id.* ¶ 5. Weston confirmed that he was able to hear the conversation because the phone had been placed on speaker mode and that the plaintiff's son had threatened the plaintiff and had "made sure that the plaintiff was violated on the restraining order." *Id.* After hearing or reading Weston's statement, Officer Emerson stated that he disliked the plaintiff and did not care that Weston had been a witness to the telephone conversation between the plaintiff and his son because he wanted the plaintiff to end up in

prison. *Id.* ¶ 6. Officer Emerson arrested the plaintiff for threatening his son and violating a protective/restraining order previously granted to Pasqualina Bastone and held him at the station on $50,000.00 bond. *Id.* at 5; at 7 ¶ 8; at 12 ¶ 28.

Bethel Police Department officials subsequently transferred the plaintiff to Bridgeport Correctional Center. *Id.* at 7 ¶ 9. A Connecticut Superior Court judge assigned Public Defender Thomas Leaf to represent the plaintiff in the criminal case arising from the plaintiff's arrest on January 28, 2019. *Id.* ¶ 10.

Public Defender Leaf informed the plaintiff that the threats allegedly made by him over the phone to his son did not constitute criminal activity. *Id.* Leaf refused to preserve evidence or file pretrial motions in defending the plaintiff against the threatening and violation of a protective/restraining order charges. When the plaintiff suggested that Leaf's representation had been deficient, Leaf swore at the plaintiff. *Id.* ¶ 12. The plaintiff immediately fired Leaf and proceeded *pro se* in the criminal matter. *Id.* After a year of confinement at Bridgeport Correctional Center, the plaintiff moved for a speedy trial. *Id.* ¶ 9. In response, the State of Connecticut dropped/nolled the charges for which the plaintiff was arrested on January 28, 2019 because it had no case against him. *Id.* ¶¶ 9, 11, 13.

**III.    Discussion**

The plaintiff claims that the defendants violated his right to life and liberty under the Due Process Clause of the Fourteenth Amendment, maliciously prosecuted and wrongfully incarcerated him in violation of the Fourth Amendment, and kidnapped him and engaged in negligence and the intentional infliction of emotional distress in violation of state law. *Id.* at 5. For relief, he seeks at total of $24,000,000.00. *Id.* at 16.

The plaintiff has asserted the same allegations against the same defendants in a prior pending action. *See Sentementes v. Lamont, et al.*, Case No. 3:20cv1826 (MPS). A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. *See Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001). As observed by the Second Circuit in *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000), a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 139.

Generally, where two lawsuits include the same factual allegations and legal claims, "the first suit [filed] should have priority." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). Even if the complaints do not include all of the same claims or defendants, the continued litigation of the first-filed case is favored if the plaintiff could "amend the complaint in each action to contain all of the issues and parties presently contained in either action." *Harnage v. Caldonero*, No. 3:16CV1876(AWT), 2017 WL 2190057, at *4 (D. Conn. May 18, 2017) (citations omitted). A district court may invoke its power to administer its docket by staying or dismissing a suit that is duplicative of another suit in federal court. *See Taylor*, 238 F.3d at 197; *Curtis*, 226 F.3d at 138.

The complaint filed in the prior pending case, *Sentementes v. Lamont, et al.*, Case No. 3:20cv1826 (MPS), raises the same Fourteenth Amendment due process, Fourth Amendment malicious prosecution and false arrest/wrongful incarceration claims as well as the same state law intentional infliction of emotional distress claim arising from the plaintiff's arrest by Bethel Police Officer Emerson on January 28, 2019 on threatening and violation of protective order charges and his subsequent confinement at Bridgeport Correctional Center until the State of Connecticut dismissed/nolled the charges a year after the arrest. *See id.* (Compl., ECF No. 1, at

4

1-4, 6-8, 11).  The Court concludes that it would be more efficient to have the plaintiff's federal and state law claims related to his January 28, 2019 arrest resolved in the first-filed action.  Accordingly, the complaint is dismissed under the prior pending action doctrine.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

The Complaint, [**ECF No. 1**], is **DISMISSED** as barred by the prior pending action doctrine.  *See* 28 U.S.C. § 1915A(b)(1).  The Clerk is directed to enter judgment and close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

SO ORDERED at Hartford, Connecticut this 3d day of May, 2021.

_____/s/_____
Michael P. Shea
United States District Judge